*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF STATE TREASURER FOR FORECLOSURE FOR UNPAID TAX.

---

STATE TREASURER,

      Petitioner-Appellant,

v

DOUGLAS WEBSTER and VALERIE WEBSTER,

      Claimants-Appellees.

UNPUBLISHED
July 17, 2026
11:45 AM

No. 378143
Livingston Circuit Court
LC No. 2013-027515-CZ

---

STATE TREASURER,

      Petitioner-Appellant,

v

NICHOLSON-BRIGHTON LLC and ROY NICHOLSON,

      Claimants-Appellees.

No. 378144
Livingston Circuit Court
LC No. 2013-027515-CZ

---

STATE TREASURER,

      Petitioner-Appellant,

v

STEFANIE DEVER as Personal Representative of ESTATE OF SUZANNE JOSEPHSON,

      Claimant-Appellee.

No. 378147
Livingston Circuit Court
LC No. 2013-027515-CZ

---

-1-

Before:  M. J. KELLY, P.J., and PATEL and KOROBKIN, JJ.

PER CURIAM.

In these consolidated cases,[1] petitioner, the State Treasurer, appeals by right the trial court's October 24, 2025 orders to disburse the surplus proceeds generated by three tax-foreclosure sales of real property owned by claimants.[2]  While the instant appeals were pending, this Court decided *In re Petition of State Treasurer for Foreclosure for Unpaid Tax*, ___ Mich App ___; ___ NW3d ___ (2026) (Docket Nos. 376481, 376482, 376653, 376655, and 376656) (*In re Petition I*), which arose from trial-court orders previously entered in the same proceeding, involved all of the parties that are present in these appeals, and addressed the same issues.  Because this Court's decision in *In re Petition I* is dispositive of all issues and parties before us, we vacate the orders to disburse and remand for entry of summary disposition in favor of petitioner.

The background and facts of these cases are set forth at length in *In re Petition I*.  In a nutshell, petitioner initiated foreclosure proceedings in 2013 against claimants' properties for failure to pay property taxes, and the circuit court entered judgments of foreclosure against those properties in 2014.  The properties were sold at public auction that same year, the properties sold for more than the amount owed, and petitioner retained the surplus proceeds.

In *Rafaeli, LLC v Oakland Co*, 505 Mich 429; 952 NW2d 434 (2020), our Supreme Court held that the government's retention of surplus proceeds under such circumstances violates the Takings Clause of the Michigan Constitution, Const 1963, art 10, § 2, and property owners are entitled to return of surplus proceeds.  The Legislature then amended the General Property Tax Act (GPTA), MCL 211.1 *et seq*., effective December 22, 2020, to create by statute a procedural mechanism for property owners to claim and receive such proceeds after a foreclosure sale.  See MCL 211.78t.  In *Schafer v Kent Co*, 515 Mich 1; 29 NW3d 25 (2024), our Supreme Court held that *Rafaeli* applies retroactively, thereby allowing at least some owners of property sold through foreclosure before *Rafaeli* to use the GPTA's procedure as well.  The *Schafer* Court, however, said that its holding did not "revive claims that were not subject to pending litigation and were already time-barred before December 22, 2020."  *Id*. at 50 n 123.

After *Schafer* was decided, claimants initiated proceedings under MCL 211.78t to recover the surplus proceeds from the 2014 foreclosure sales.  Petitioner moved for summary disposition under MCR 2.116(C)(7), arguing that claimants' claims were barred by the applicable statute of limitations.  According to petitioner, claimants' claims accrued in 2014 when petitioner retained the surplus proceeds generated by the foreclosure sales.  Claimants opposed the motion, arguing

---

[1] *In re Petition of State Treasurer for Foreclosure for Unpaid Tax*, unpublished order of the Court of Appeals, entered January 22, 2026 (Docket Nos. 378143, 378144, and 378147) (consolidating these appeals "to advance the efficient administration of the appellate process").

[2] Three separate orders are at issue, and the trial court stayed execution of the orders pending appeal.

that their claims accrued in 2024 when *Schafer* held that *Rafaeli* was retroactive, thereby enabling them to use MCL 211.78t to recover proceeds from pre-*Rafaeli* foreclosure sales.

The trial court agreed with claimants and therefore denied petitioner's motions for summary disposition in separate opinions and orders dated July 15, 2025. Petitioner appealed those orders by leave granted,[3] and those appeals eventually yielded this Court's opinion in *In re Petition I*. Proceedings in the trial court were not stayed pending appeal, however, and following a hearing the trial court entered final orders on October 24, 2025, just a few months after denying petitioner's motions for summary disposition. In the final orders, the trial court ordered petitioner to disburse the surplus proceeds from the foreclosure sales to claimants "for the reasons stated on the record, including the court's prior written findings in the July 10, 2025 Opinion and Order[s]." The cases now before this Court are petitioner's appeals by right from the October 24, 2025 final orders to disburse the surplus proceeds.

Meanwhile, while the instant appeals were pending, this Court issued its opinion in *In re Petition I*, petitioner's interlocutory appeal from the July 10, 2025 orders. In *In re Petition I*, the Court agreed with petitioner that claimants' claims accrued in 2014, when the foreclosure sales occurred and petitioner retained the surplus proceeds. *In re Petition I*, ___ Mich App at ___; slip op at 5. The Court explained that claimants had a constitutional right to just compensation at that time and could have pursued recovery of the surplus proceeds through inverse-condemnation claims. *Id*. at ___; slip op at 6. "The Legislature's subsequent enactment of MCL 211.78t established a statutory mechanism for vindicating that right. It did not create the substantive right itself." *Id*. Further, the Court held, the statute of limitations was three years. *Id*. at ___; slip op at 7. So with the claims accruing in 2014, the limitations period expired in 2017. *Id*. "Neither *Rafaeli* nor the Legislature's enactment of MCL 211.78t revived claims that were already time-barred." *Id*. Therefore, this Court held, claimants' claims were barred by the statute of limitations and the trial court erred by denying petitioner's motion for summary disposition. *Id*. at ___; slip op at 8. Accordingly, the Court "[r]eversed and remanded for entry of summary disposition in favor of petitioner." *Id*.

Returning to the appeals now before us, *In re Petition I* is dispositive in every respect. As a published decision, *In re Petition I* is binding because it established a rule of law that we must follow. MCR 7.215(J)(1). Even if it weren't published, because it arises from the same case, it establishes the law of the case. See *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021) ("[A]s a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals.") (quotation marks and citation omitted). Nor are we aware of any case developments between the July 10, 2025 orders and the October 24, 2025 orders that would change the outcome. Cf. *South Macomb Disposal Auth v American Ins Co*, 243 Mich App 647, 655; 625 NW2d 40 (2000) (not applying the law of the case because "the facts did not remain materially the same"). Further, *In re Petition I* remanded with specific

---

[3] *In re Petition for Foreclosure*, unpublished order of the Court of Appeals, entered August 12, 2025 (Docket No. 376653); *In re Petition for Foreclosure*, unpublished order of the Court of Appeals, entered August 12, 2025 (Docket No. 376655); *In re Petition for Foreclosure*, unpublished order of the Court of Appeals, entered August 12, 2025 (Docket No. 376656).

instructions for "entry of summary disposition in favor of petitioner," see *id*. at ___; slip op at 8, and we see no grounds upon which we may interfere with "the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court," *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 545; 705 NW2d 365 (2005) (quotation marks and citation omitted). Consequently, because this Court held in *In re Petition I*, ___ Mich App at ___; slip op at 8, that the trial court erred by denying petitioner's motions for summary disposition on statute-of-limitations grounds, we hold that the trial court necessarily erred by subsequently ordering petitioner to disburse the surplus proceeds from the foreclosure sales to claimants. In short, *In re Petition I* governs our decision and compels the relief that petitioner seeks.[4]

The trial court's October 24, 2025 orders to disburse proceeds are vacated, and these cases are remanded to the trial court for entry of summary disposition in favor of petitioner. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Sima G. Patel
/s/ Daniel S. Korobkin

---

[4] Aside from the statute of limitations, claimants advance a number of other arguments that were likewise considered and rejected in *In re Petition I*, ___ Mich App at ___ & n 2; slip op at 7-8 & n 2. Specifically, claimants assert that the trial court's orders should be affirmed on grounds of equitable estoppel, petitioner's failure to strictly comply with MCL 211.78t's statutory procedures, and because petitioner's motion for summary disposition was procedurally improper. Because we are bound by *In re Petition I*, we need not address these arguments again here.